Porche et al. vs. Labatut et al.

---

## No. 7832.

### J. A. PORCHE ET AL. VS. MRS. M. C. LABATUT ET AL.

The purchaser at sheriff's sale of a plantation allowed the defendant in execution and former owner to remain in possession of the property. *Held* that this fact, unconnected with any acts of bad faith or fraud, cannot be fairly regarded as a badge of simulation in the premises, when, on the contrary, the evidence shows that the property sold for its full value and the price was paid with funds of the purchaser.

APPEAL from the Seventh Judicial District Court, parish of Point Coupée. *Voist, J.*

*Edward Phillips* for Plaintiffs and Appellants:

First—Mrs. Labatut, the defendant in the suit in which the sheriff's sale sought to be annulled in this suit, never parted with the possession of the property sold, and the purchaser, Provosty, never took possession or control of said property.

Second—Provosty never paid the purchase price. It was paid out of moneys, etc., belonging to Mrs. Labatut, the whole proving that the sale was illegal and void.

*L. B. Claiborne* and *O. O. Provosty* for the Poydras College, Defendant and Appellee:

The sale in this case was not simulated and fraudulent, but real and bona fide.

The plaintiffs are estopped from contesting its validity, they having claimed and received part of the proceeds thereof, and furthermore, accepted a mortgage on the property from the purchaser.

The right to urge the invalidity of a sale of property of the wife made to satisfy a debt of the husband, is personal to the wife.

Where the claims of the first and second mortgage creditors clearly exceed in amount the highest estimate that can be placed on the property, the sale thereof cannot injure the third mortgage creditor, within the meaning of Art. C. C.

Where an appeal is frivolous, ten per cent damages will be granted.

*Hewes & Parlange* for O. Hopkins, Defendant and Appellee:

A sheriff's sale cannot be annulled as simulated unless it is shown that the seizing creditor was a party to the transaction. 15 An. 554.

---

The opinion of the Court was delivered by

LEVY, J. Plaintiffs brought this suit to annul, on the grounds of fraud and simulation, a sheriff's sale made on the 1st day of December, 1877, under a writ of seizure and sale in suit No. 1846, District Court of the parish of Point Coupée, entitled Octave Hopkins vs. Marie C. Labatut, at which sale the plantation seized was adjudicated to O. O. Provosty. The allegations of plaintiffs on which they base their action to annul are, substantially, as follows: That no price was paid for the plantation by Provosty, or by any one else for him; that Provosty has never taken possession of the said plantation, nor has he ever controlled the same, or any portion thereof, nor has he ever had any intent to do so, either by virtue of said pretended purchase or otherwise; that Mrs. Labatut, the defendant in the suit of Hopkins vs. Mrs. M. C. Labatut, above mentioned, has remained in possession and control of said plantation as sole owner; that no delivery or change of possession or control of said plantation took place at the time of said pretended sale, or since; that if any price was ever paid at the time of the sale or afterwards, it was paid by Mrs. Labatut out of her own funds; that Provosty has never paid any portion of the pretended purchase price; that Mrs. Labatut did not owe and was not legally bound to pay Hopkins anything; that if there was any debt due to Hopkins, it was a debt of her husband, and that neither she nor her property were bound for

35

the same; that the claim of the Police Jury (to secure which Mrs. Labatut had given a mortgage superior in rank to that in favor of plaintiffs) had no existence, or if it had, neither Mrs. Labatut nor her property were legally liable therefor to the Police Jury.

The facts of the case are these: By an agreement between the Poydras College, properly represented, the plaintiffs and the defendant, and for the purpose of effecting a compromise and securing certain disputed claims and rights of the several parties, the plantation known as the "Zenon Porche plantation," was sold at succession sale of Porche, and Mrs. Labatut became the purchaser thereof for the price of $25,000, on the credit terms agreed upon. Octave Hopkins, who was a creditor of the succession duly recognized on the homologated final tableau, agreed to accept in payment of the debt due him a mortgage from the purchaser of the property at this succession sale for say, $4000. This mortgage was given by Mrs. Labatut in favor of Hopkins, and was the first bearing on the property, the next was in favor of the Poydras College for $4410 with interest. At the sale under the writ of seizure and sale in the suit of Hopkins vs. Mrs. Labatut, Provosty became the adjudicatee of the property for the price of $7500, and by consent of the mortgage creditors Hopkins and Poydras College, instead of the whole amount being paid in cash, Provosty was to pay the costs and taxes, amounting to about $175, and $2000 to Hopkins in full of his debt, and to give a mortgage in favor of the Poydras College for $4000, its debt, and a second mortgage to Haralson, another intervening creditor, for $600. The purchase price seems to have been the full value of the property, and this is to be safely inferred from the fact that there was considerable competition among the bidders at the sale.

So far as objections that the purchaser, Provosty, had not taken possession, and no actual delivery had been made to him of the property sold, they are met and disposed of by article 2478 C. C. "The law considers the tradition or delivery of immovables, as always accompanying the public act which transfers the property." As to the failure of the purchaser to enter into actual possession, we do not consider that, in a case like this, such failure can be fairly regarded as a badge of simulation. It is true the former owner retained possession, and it is only reasonable to suppose, with the consent of the purchaser. She was not the conventional vendor, but her property was sold contradictorily with her at a forced sale under a judicial decree. The mere fact of her continuing in the actual possession or occupancy of the property thus sold, with the consent of the purchaser, has of itself no significance tending to show simulation or fraud on the part of the purchaser, unless taken in connection with other acts establishing bad faith, fraud or simulation affecting the rights of other creditors.

The objections, that the purchase price, and no portion of it, were paid by Provosty, and that whatever was paid on account thereof was paid by Mrs. Labatut, are wholly unsupported by the evidence. The testimony on this subject is, to our minds, conclusive that the purchase was made by Provosty for his own account, that the payments were made by him with his own funds, and that the whole transaction was conceived and executed in good faith, and is untainted with the slightest reasonable suspicion of simulation, fraud or collusion.

We are not disposed, however, to allow the damages prayed for as in case of a frivolous appeal.

The judgment appealed from is affirmed with costs.